# Burnside *against* Miskelly.

A controversy as to the ownership of a note, between the payee and his assignee, cannot be tried in an action upon the note against the payer. And although the payee procured counsel to appear for him in a suit by the assignee against the payer, in a court which required an affidavit of defence, and where judgment was obtained by the plaintiff, yet that will not be a bar to an action of trover by the payee against the assignee for the note.

ERROR to the district court of *Alleghany* county.

This action was trover for the value of five promissory notes made in favour of the plaintiff's testator, which the plaintiff alleged had been fraudulently obtained and converted to his own use by the defendant. The suit was brought on the 17th of April 1835, and the defendant pleaded not guilty, and also a special plea, that on the 16th of April 1835, the defendant as assignee of the plaintiff's testator, sued the maker of the note, (Fleming,) in the same court, at and on the 24th of August in the same year, recovered judgment by default, and the sum was afterwards liquidated at 711 dollars; that the plaintiff had notice of the pendency of said suit; that he and his counsel took part in the defence of the suit; and that the plaintiff had a full opportunity to assert his claim, and to show that the present defendant had nothing in said note; yet judgment was rendered in favour of defendant. To which the plaintiff replied, denying these facts, and averring the assignment to have been obtained by fraud and imposition.

By the record of the suit, referred to in the plea, it appeared, it was brought on the 16th of April 1835, and on the 17th of April, a statement was filed by the plaintiff, and the name of Stewart marked as appearing for the defendant, and on the 18th of April, M'Candless

[Burnside v. Miskelly.]

also appeared for defendant. Then there are these entries: 17th of April 1835, defendant appears, and craves oyer of the note and assignment. June 8th, 1835, defendant pleads *nil debet*, payment with leave, &c. August 24th, on motion of Mr. Hamilton, judgment under the act of assembly, and for want of an affidavit of defence, sums due to be liquidated by the prothonotary. September 21st, 1835, sums due liquidated at 711 dollars. October 13th, 1835, affidavit filed. April 25th, 1836, rule to show cause why *fieri facias* should not be stayed until No. 82 of this term be finally decided; and in the mean time, proceedings stayed. June 11th, 1836, rule discharged. *Fieri facias* of April 1836.

It further appeared by the parol evidence of Fleming, that the plaintiff gave him notice not to pay the note to Burnside, and said he would be at no costs, but did not say he (plaintiff) would pay them. Witness made no defence to the suit. James H. Stewart, (who brought this suit and appeared in the other,) testified that the plaintiff called on him and made a statement about Burnside, when he brought this suit. He told him about the suit against Fleming, and witness said it was necessary to attend to it. He had not been employed by any one else to attend to Fleming's suit. It was in consequence of this conversation, that he entered his appearance in that suit. When he said it was necessary to attend to it, the plaintiff said, very well, do what you think is necessary.

The court below, (Grier, President,) instructed the jury that the appearance and conduct of the plaintiff, in the suit on the note, was not a bar to the plaintiff's recovery; and referred the matters of fact to them, with a strong expression of the court's opinion that the plaintiff ought to recover.

*Hamilton* and *Forward*, for plaintiff in error.
*M'Candless* and *Foster*, for defendant in error.

The opinion of the Court was delivered by

SERGEANT, J.—Had the claim of the present plaintiff been heard in the former suit brought by Burnside against Fleming, or had he enjoyed an opportunity to be heard and neglected it, there might be some reason for precluding him from this action. But it appears by the evidence, that neither of these was the case. He seems to have made efforts to interpose in that suit by his attorney's appearing for Fleming and putting in pleas; but by the rules of the court it was necessary, in order that a trial should be had, that the defendant should file an affidavit of defence. This, Fleming did not do, and indeed, might well decline doing, because he did owe the money on the note, and it was immaterial to him to whom he paid it, provided he was protected in so doing against another action. Accordingly, Fleming filed no affidavit of defence, and judgment was entered, and the efforts made by the plaintiff to introduce his claim on that

[Burnside v. Miskelly.]

trial were defeated. I know of no mode by which the plaintiff could have obliged Fleming to make such an affidavit; and the plaintiff's affidavit could not be received in its stead. The ordinary forms of proceeding in our courts do not allow a person claiming adversely to the plaintiff, to interpose and become a party, and thus introduce a question on the trial in the nature of a bill of interpleader, beside the one directly in issue. It would seem, therefore, as if the plaintiff had been defeated rather by the forms of proceeding, than by his own neglect of his rights, and that he never had an opportunity of being heard in the first suit, as stated in the plea. It would, therefore, be unjust to bar him in this. The cases cited by the counsel for the plaintiff in error, seem not to apply to the present case. They were proceedings *in rem,* which bind all who are parties, and to which those who are interested in the thing have a right to become parties. If they come in they are bound. But this is the case of a proceeding *in personam,* by a claimant in his own right to recover a debt due to him; another claiming that debt, has no legal right to interpose, and compel the defendant to try his rights, as well as the defendant's, although if done, the decision would be binding.(*a*)

Judgment affirmed.

(*a*) See the Act of the 11th of March 1836, conferring the power of compelling parties to interplead, on the District Court, for the city and county of Philadelphia.